**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

---------------------------------------------------------------x

| | |
|---|---|
| **CAROL BURKE,** | **CIVIL ACTION NO.:** |
| **Plaintiff,** | |
| v. | |
| **UNUM LIFE INSURANCE COMPANY OF AMERICA,** | **COMPLAINT** |
| **Defendant.** | |

---------------------------------------------------------------x

Plaintiff, CAROL BURKE, by her attorney, STEPHEN L. RAYMOND, ESQ., as and for her Complaint against the defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA ("UNUM"), alleges as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of the court is based upon 29 U.S.C. §§1132(e)(1) and 1132(f) which give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee benefit plan, which for purposes of the instant case, grants to participants Long Term Disability ("LTD") benefits.

2. Under the Employee Retirement Income Security Act of 1974, as amended (hereinafter, "ERISA") (29 U.S.C. §§ 1001, *et seq.*), the LTD PLAN at issue in this litigation must contain provisions for an administrative or internal appeal of a denial of benefits. Plaintiff has exhausted all of her remedies under the terms and conditions of the relevant Plan; with the failure of defendant to render a decision, her LTD claim may be deemed denied pursuant to 29 CFR § 2560.503-1(l); therefore, this matter is properly before this Court for *de novo* judicial review under *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).

3. Plaintiff, CAROL BURKE, is a resident of Brockton, Plymouth County, Massachusetts.

4. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) which allows an action under Title I of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), to be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found.  The Plan is administered, the defendant is to be found, and the breach took place, within this district.

## NATURE OF ACTION

5. Plaintiff's claim seeks a declaration that Plaintiff is entitled to LTD benefits pursuant to employee benefit plans providing for long term disability benefits, sponsored and administered by Plaintiff's employer, Medical Oncology and Hematology, and administered, in part, and insured by UNUM, and an order requiring payment of said benefits.  As Plaintiff's claims arise under an employee benefit plan, established and maintained by an employer for the benefit of its employees, the Employee Retirement Income Security Act of 1974 ("ERISA")(29 U.S.C. §1001 et seq.) applies to this action.  Said benefits were effective at all times relevant hereto.

## THE PARTIES

6. Plaintiff, CAROL BURKE, is a 50-year-old woman who was born in 1969.

7. Defendant, UNUM, is engaged in the business of disability insurance, and is licensed and authorized to engage in the business of insurance within the Commonwealth of Massachusetts.  For purposes of this matter, UNUM issued a group policy of LTD insurance to the employer, Medical Oncology and Hematology, Policy No. 298605 012, in connection with its employee welfare benefit plan (the "LTD PLAN"), and acted as the claim administrator for

benefits under the LTD PLAN.  UNUM maintains offices at 2211 Congress Street, Portland, ME 04122.

## STATEMENT OF FACTS

8. Plaintiff worked as a Medical Assistant for her employer, a healthcare clinic.  She suffered a workplace injury on April 4, 2016, when she slipped and fell on ice in the work parking lot, suffering a displaced fracture of the left ankle, requiring open reduction, internal fixation, and was out of work as of April 5, 2016.

9. For a period up to and including April 4, 2016, Plaintiff, together with other active full time employees, was covered as a participant under the LTD Plan, which was sponsored, funded, and administered by Plaintiff's employer, Medical Oncology and Hematology, and administered and insured, in part, by UNUM.  The LTD PLAN provides for payment of monthly income benefits to participants who become disabled.  Payments under the Plan began after a 90-day elimination period.  The monthly benefit is determined by the Plan based on a set percentage (60%) of pre-disability covered earnings, less certain offsets.  For purposes relevant to this claim, the gross monthly benefit would potentially be reduced by Social Security Disability Insurance benefits and/or Workers' Compensation benefits.

10. The LTD Plan provides, in pertinent part:
You are disabled when Unum determines that:
- you are **limited** from performing the **material and substantial duties** of your **regular occupation** due to your **sickness** or **injury**; and
- you have a 20% or more loss in your **indexed monthly earnings** due to the same sickness or injury.

11. The LTD Plan also provides for a maximum LTD benefit period to age 65 when disability begins prior to age 60.

12. Plaintiff ceased work on or about April 4, 2016, as a result of the fracture of her left ankle, and her absence from work continued due to symptoms and complications arising therefrom, together with symptoms of post-traumatic stress disorder.

13. As a result of her conditions, Plaintiff, through counsel, submitted a claim with UNUM for LTD benefits under the LTD PLAN on June 15, 2017, on the insurer's form.

14. Plaintiff's claim included proof of claim in the form of comprehensive medical records and written medical opinion of the extent of disability, together with the insurer's executed authorization forms.

15. UNUM has failed to render a decision on this claim, or if it did render such a decision, it was not communicated to Plaintiff through her counsel, and the claim is thus, deemed denied upon review under ERISA's regulations.

16. Despite the evidence of disability submitted with the claim, UNUM has failed or refused to properly consider whether Plaintiff's impairments have prevented her from performing the material and substantial duties of her regular occupation.

17. UNUM did not properly apply the provisions of the LTD Plan to Plaintiff's claims.

18. Plaintiff remained disabled in accordance with the terms and conditions of the LTD Plan from the onset of her disability on April 4, 2016, throughout the elimination period and continuing, and is entitled, under the terms and conditions of the Plan, to continued benefits thereunder from July 3, 2016, and continuing under the terms of the Plan.

## AS AND FOR PLAINTIFF'S CLAIM:
## FOR LONG TERM DISABILITY BENEFITS
## ERISA §§ 502(a)(1)(B), (a)(3), 29 U.S.C. §§ 1132(a)(1)(B), (a)(3)

19. Plaintiff hereby incorporates by reference the factual allegations of paragraphs 1 - 18, *supra*, as if fully set forth herein at length.

20. In administering this employee benefit plan and in resolving claims thereunder, UNUM has the responsibility of determining whether claimants are disabled within the definitions of the applicable plans and policies so as to be entitled to benefits. Crucial to those determinations is an understanding of the claimant's medical conditions and their effects on the claimant's abilities.

21. Plan fiduciaries have a statutory obligation, in performing their duties, to act prudently and solely in the interest of plan participants and beneficiaries.

22. Plaintiff has not been provided with a full and fair review of her claim for benefits under the terms and conditions of the LTD Plan, and in accordance with the provisions of ERISA.

23. The LTD claim decisions (or inaction) rendered on behalf of the plan in the instant action have been made by UNUM, who insures the benefits under the defendant, LTD Plan, and as such cannot render independent or fair decisions because it has a pecuniary interest in the final determination, and thus has acted under a conflict of interest.

24. Plan fiduciaries also have a statutory duty to fairly interpret and construe the terms of the Plan and thereby make decisions in accordance with Plan language.

25. Defendant's decisions (or inaction) were not supported by the medical evidence and moreover, did not correctly apply the language of the LTD Plan.

26. Defendant's decisions (or inaction) in the instant claim were unreasonable, arbitrary and capricious and not supported by the evidence submitted with Plaintiff's claim, or the evidence gathered throughout Plaintiff's claim.

27. Plaintiff has been disabled within the terms of the LTD Plan maintained for the benefit of the employees of Medical Oncology and Hematology. Plaintiff is entitled to the receipt of monthly Long Term Disability benefits pertaining to her disability from (and including) July 3, 2016, and continuing.

**WHEREFORE,** Plaintiff prays for the following relief:

A. That the Court determine and then declare that under the terms of the LTD Plan, that the Plaintiff's disability continued from (and included) April 4, 2016, within the term of coverage, and that she was and continued to be disabled within the Plan's provisions.

B. That after making such a determination, the Court ORDER Defendant, to provide all disability benefits to which Plaintiff is entitled under the terms and provisions of said LTD Plan, including from July 3, 2016, through the date of this Court's decision.

C. That, if necessary, the Court ORDER the matter remanded to the LTD Plan's claim administrator for such further and additional findings as may be reasonably necessary.

D. That the Court award Plaintiff her reasonable attorney's fees pursuant to 29 U.S.C. §1132(g), as well as interest, costs, and disbursements.

E.      That the Court award Plaintiff such further, necessary, or proper relief as it deems just and equitable in the circumstances.

Dated:      February 12, 2020

                PLAINTIFF
                By her attorney,

By:    */s/ Stephen L. Raymond*
         Stephen L. Raymond
         BBO #567753
         RAYMOND LAW
         35 Village Road, Ste. 100
         Middleton, MA 01949
         978-605-1155
         978-560-0959 fax
         slraylaw@aol.com